UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLI NICEWANDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MTC FINANCIAL, INC. dba TRUSTEE ) <br> CORPS, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 10cv2141-L(WMC) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** <br> **[Doc. no. 18 & 29]** |

In this mortgage foreclosure action Defendants OneWest Bank ("OneWest"), Federal Home Loan Mortgage Corporation ("Freddie Mac") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Subsequently Defendant MTC Financial, Inc. dba Trustee Corps ("Trustee Corps") also filed a Rule 12(b)(6) motion. Plaintiff opposed both motions. For the reasons which follow, the motions are **GRANTED WITH LEAVE TO AMEND**.

Plaintiff owned the residence located at 18630 Quail Trail Drive in Jamul, California ("Property"). On or about June 19, 2007 she executed a note for $368,000 secured by a deed of trust on the Property. (First Am. Compl. Exh. A & B.) The lender on the loan was American Mortgage Network, Inc., the trustee under the deed of trust was First American Title Insurance Company, and the beneficiary under the deed of trust, solely as nominee for the lender and its successors and assigns, was MERS. (*Id*.) On April 22, 2009 the deed of trust was assigned to

IndyMac Federal Bank, F.S.B. ("IndyMac").  (*Id*. Exh. F.)

Plaintiff claims she applied and was approved for loan modification in early 2009, but nevertheless received a notice of default.  (*Id*. at 10.)  She claims that while her loan modification application was pending, OneWest, as the loan servicer, would not accept her payments.  (*Id*.)  A Notice of Default and Election to Sell Under Deed of Trust was recorded on April 24, 2009.  It was signed by Trustee Corps as agent for IndyMac.  (*Id*. Exh. C.)

On June 15, 2009 a substitution of trustee was signed, whereby IndyMac named Trustee Corps as the successor trustee under the deed of trust.  (*Id*. Exh, E.)  On the same day the deed of trust was assigned to Freddie Mac.  (*Id*. Exh. G.)  A notice of trustee's sale was recorded on August 6, 2009, setting the sale date for August 26, 2009.  (*Id*. Exh. D.)  It was signed by Trustee Corps as the successor trustee.

Although Plaintiff made payments after loan modification was approved, the Property was still foreclosed.  (*Id*. at 28.)  It was sold to Freddie Mac at a non-judicial foreclosure sale on June 7, 2010.  (*Id*. Exh. H.)  The trustee for the sale was Trustee Corps.

On August 11, 2010 Plaintiff filed a complaint in state court seeking relief from the foreclosure.  Freddie Mac removed the action to this court pursuant to 12 U.S.C. Section 1452(f), which provides for removal by a federal home loan mortgage corporation.

Plaintiff's operative first amended complaint is based on the premise that the foreclosure was invalid for various reasons.  She claims the assignments of the deed of trust and substitution of the trustee were invalid.  Specifically, she contends that Freddie Mac did not acquire a security interest in the Property when the deed of trust was assigned to it because the underlying loan was securitized and as such was not properly transferred and assigned to Freddie Mac. According to Plaintiff, securitization occurs when mortgage loans become security for interests transferred to investors.  In addition, Plaintiff alleges the assignments were invalid because they were not filed before the notice of default was recorded, and were not recorded until after the trustee's sale.  She also maintains the substitution of the trustee was invalid because it was not recorded before the notice of default.  Finally, she asserts that the assignments were invalid because they were signed by robo-signers.  In addition, she argues that the trustee's sale was

invalid because the original note and the original assignments of the deed of trust were not presented. (First Am. Compl. at 7-15; *see also id.* at 3.)   The complaint is also based on the contention that the foreclosure was wrongful because Defendants failed to comply with statutory provisions designed to avoid foreclosure. (*Id.* at 22.)  Plaintiff alleged causes of action styled as injunctive relief [to set aside trustee's sale], cancellation of written instrument (Cal. Civ. Code § 3412) [trustee's deed upon sale], cancellation of written instrument (Cal. Civ. Code § 3412) [deed of trust], wrongful foreclosure, violation of California Business and Professions Code Section 17200 *et seq.* and California Penal Code Section 115.5 [false and/or fraudulently procured documents], violation of California Business and Professions Code Section 17200 *et seq.* ["fairness doctrine"], and violation of the one action rule (Cal. Code Civ. Proc. § 726). Plaintiff wants to set aside the trustee's sale and recover damages, including punitive damages.

Defendants moved to dismiss the operative complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion

to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

All relief sought by Plaintiff is based on the premise that the non-judicial foreclosure sale should be set aside because of alleged irregularities in the assignment of the deeds of trust, substitution of the trustee, and other alleged violations of the pre-foreclosure procedures. "[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971) (defaulting borrower's action). In case of a voidable trustee's sale, the defaulting borrower has a right to redeem the property. *Id*. at 121. When the borrower "fails to effectively exercise [the] right to redeem, the sale becomes valid and proper in every respect." *Id*. A cause of action "implicitly integrated" with the irregular sale also fails, unless the defaulting borrower can allege and establish a valid tender. *Id*.

All of Plaintiff's causes of action depend on the alleged invalid sale and are therefore "implicitly integrated" with it. Plaintiff did not allege that she made the requisite tender. Instead, she contends that she is excepted from the requirement.

Citing *Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868 (2000), she argues that the tender rule does not apply to her because she did not allege that the sale was merely voidable, but void. In *Dimock* the trustee's sale was found void because it was conducted by the original trustee although the original trustee had been substituted with a new trustee prior to the sale. 81 Cal. App. 4th at 874. Recording of the substitution of the trustee was required by law to render it effective. *Id*. at 874-75 citing Cal. Civ. Code § 2934a. Therefore, on the face of the recorded documents, the original trustee had been replaced and no longer had the power to sell. For this reason, the sale was held void as opposed to merely voidable, the presumption of the validity of the trustee's sale did not apply, and the plaintiff was not required to tender any amounts owing under the deed of trust to obtain relief. *Id*. at 877-78.

Plaintiff's case is different. The trustee substitution was recorded prior to the sale and the sale was conducted by the successor trustee. (First Am. Compl. Exh. E (Substitution of Trustee recorded Aug. 6, 2009) & Exh. H (Trustee's Deed Upon Sale showing sale conducted by

successor trustee on June 7, 2010).) The recorded documents therefore reflect that Trustee Corps was the successor trustee who conducted the sale. Unlike the plaintiff in *Dimock*, Plaintiff admits that "the Trustee's Deed (Exhibit "H") appears valid on its face." (First Am. Compl. at 20.)

Instead, Plaintiff's theory of the defect in the substitution of the trustee is that it was not recorded prior to recording the notice of default. (First Am. Compl. at 12-13, Exh. C (Notice of Default and Election to Sell Under the Deed of Trust, recorded Apr. 24, 2009) & Exh. E (Substitution of Trustee, recorded Aug. 6, 2009).) She points to no legal authority to show that this was required for a substitution of the trustee or a non-judicial foreclosure sale to be valid, or that failure to comply with any such requirement would render the trustee's sale void as opposed to merely voidable. *Dimock* therefore does not support Plaintiff's argument that the tender rule does not apply to her.

Plaintiff also relies on *Munger v. Moore*, 11 Cal. App. 3d 1 (1970), for the proposition that no tender is required when there was an improper trustee's sale which is being challenged after the fact. *Munger* presented a situation where the owner of the encumbered property made a proper tender to bring the defaulted loan current, but the trustee wrongfully refused the tender and sold the property to the lenders. 11 Cal. App. 3d at 5-6. The lenders later sold the property to a third party. *Id*. at 6. After trial the plaintiff was awarded tort damages for wrongful foreclosure in the amount of the equity in the property at the time of the foreclosure sale. *Id*. at 5. The only issues decided on appeal were the proper measure of damages and whether the evidence to support the amount was sufficient. *Id*. The court expressly distinguished the case from the "traditional method" of attacking a trustee's sale – by a suit in equity to set aside the foreclosure. *Id*. *Munger* does not help Plaintiff in circumventing the tender rule. First, unlike in Plaintiff's case, the plaintiff in *Munger* made a proper tender. Second, unlike Plaintiff here, who is using the "traditional method" to challenge the trustee's sale, the plaintiff in *Munger* sought tort damages.

The only other binding authority cited by Plaintiff is *Onofrio v. Rice*, 55 Cal. App. 4th 413 (1997). She argues that tender should not be required in her case because it would be

inequitable. *See id*. at 424. In *Onofrio*, tender was not required under the circumstances where the person who purchased the plaintiff's property at foreclosure was her own foreclosure consultant who represented that he would assist her in avoiding foreclosure. Plaintiff has alleged no similar or similarly egregious facts here.

Finally, although it is undisputed that Plaintiff did not allege tender in her operative complaint, she argues in her opposition papers that she meets the tender requirement because she has asserted damage claims against Defendants, which would be offset against any amount she owes on the property. "[W]hen the person making the claim has a counterclaim or set-off against the beneficiary, whether liquidated or unliquidated, it is deemed that the tender and counter-claim offset each other, and if the offset is equal to or greater than the amount due, a tender is not required; otherwise the amount of the tender is reduced by the amount of the offset." 4 Miller & Starr Cal. Real Estate 3d §10:212 (2011) ("Miller & Starr"); *see also Onofrio*, 55 Cal. App. 4th at 424. This principle does not assist Plaintiff's case in its present posture.

The offset theory of tender is not alleged in the operative complaint. Plaintiff is required to allege tender. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). "Without an allegation of . . . tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." 4 Miller & Starr §10:212. Defendants motions to dismiss are therefore **GRANTED**.

In the alternative, the motions are granted because "[a] tender must be one of full performance and must be unconditional to be valid." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984) citing Cal. Civ. Code §§ 1486 & 1494. "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988) (partial payment of no effect) (internal quotation marks omitted). The defaulted borrower bears

the "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id*. Plaintiff does not offer any facts to indicate that she was not required to tender anything because her claimed offset is equal to or greater than the amount due so as to excuse it altogether.

Plaintiff requested leave to amend if Defendants' motion are granted. Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. Because Plaintiff may possibly allege sufficient facts regarding tender, and adequately address other issues raised in Defendants' motions, her request for leave to amend is granted.

Based on the foregoing, Defendants' motions to dismiss are **GRANTED** with **LEAVE TO AMEND**. No later than **September 12, 2011** Plaintiff must file either (1) a second amended complaint alleging additional facts regarding tender and facts addressing other issues raised in Defendants' motions to dismiss; or (2) a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). Defendants' responses to the second amended complaint, if any, must be filed and served within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

DATED: August 17, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL