UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLI NICEWANDER,<br><br>           Plaintiff,<br><br>v.<br><br>MTC FINANCIAL, INC., *et al.*,<br><br>           Defendants.<br>_____ | Civil No. 10-cv-2141-L(WMC)<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND [DOC. 46]** |

      On August 11, 2010, Plaintiff Holli Nicewander commenced this mortgage-foreclosure action against Defendants MTC Financial, Inc., American Mortgage Network, Mortgage Electronic Registration Systems, Inc. ("MERS"), First American Title Company, Indymac Bank F.S.B., OneWest Bank, and Freddie Mac Trust in the San Diego Superior Court.  Thereafter, Defendants removed the action to this Court.  On September 12, 2011, Plaintiff filed a Second Amended Complaint ("SAC").  Defendants now move to dismiss the SAC.  Plaintiff opposes.

      The Court found this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 54.)  For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss the SAC.

## I. BACKGROUND

Plaintiff owned real property located at 18630 Quail Trail Drive in Jamul, California ("property"). (SAC ¶ 5 [Doc. 26].) On June 19, 2007, she executed a note secured by a deed of trust on the property. (SAC, Exs. A, B.) American Mortgage Network, Inc. was the lender of the loan, First American Title Insurance Company was the trustee under the deed of trust, and MERS was the beneficiary under the deed of trust, solely as nominee for the lender and its successors and assigns. (*Id.*) On April 22, 2009, the deed of trust was assigned to IndyMac Federal Bank, F.S.B. ("IndyMac"). (*Id.*, Ex. F.)

In early 2009, Plaintiff alleges that she initiated her loan modification. (SAC ¶ 28.) While her application for a loan modification was pending, she further alleges that OneWest would not accept her payments. (*Id.* ¶ 29.) Thereafter, on April 24, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded. (*Id.*, Ex. C.) Trustee Corps[1] signed the notice as agent for IndyMac. (*Id.*)

On June 15, 2009, a substitution of trustee was signed, naming Trustee Corps as the successor trustee under the deed of trust. (SAC, Ex. E.) On the same day, the deed of trust was assigned to Freddie Mac. (*Id.*, Ex. G.) On August 6, 2009, the notice of trustee's sale was recorded, setting the sale date for August 26, 2009. (*Id.*, Ex. D.) Trustee Corps signed the notice as the successor trustee. (*Id.*)

Although Plaintiff made several payments after the loan modification was approved, the property was foreclosed. (*See* SAC ¶ 31, 36–37.) On June 7, 2010, Freddie Mac purchased the property a non-judicial foreclosure sale. (*Id.*, Ex. H.) Trustee Corps was the trustee of the sale. (*Id.*) Following the sale, a trustee's deed upon sale was recorded. (*Id.*)

On August 11, 2009, Plaintiff filed a complaint in the San Diego Superior Court seeking relief from the foreclosure. On October 14, 2010, Freddie Mac removed the action to this Court under 12 U.S.C. § 1452(f), which provides for removal by a federal home-loan mortgage corporation. (Notice of Removal [Doc. 1].)

---

[1] Plaintiff sued MTC Financial, Inc. doing business as Trustee Corps. (SAC ¶ 7.)

Plaintiff subsequently filed her First Amended Complaint ("FAC"), asserting seven causes of action. (Doc. 17.) The Court granted Defendants' motion to dismiss the FAC because Plaintiff failed to allege tender, but granted Plaintiff leave to amend. (Doc. 42.)

On September 12, 2011, Plaintiff filed her SAC, asserting the following four causes of action: (1) cancellation of written instruments, (2) wrongful foreclosure, (3) violation of the Business and Professions Code § 17200, and (4) violation of California Code of Civil Procedure § 726. (Doc. 43.) She requests an order from the Court canceling or setting aside the trustee's sale and various other documents, damages, and other remedies. Defendants now move to dismiss the SAC. (Doc. 46.) Plaintiff opposes. (Doc. 52.)

## II.  LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered.[2] *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**III.   DISCUSSION**

As a threshold matter, Defendants argue that all of Plaintiff's causes of action fail because she cannot tender the amounts owed. (Defs.' Mot. 4:17–7:19.) Plaintiff responds that tender is not required because the controlling foreclosure documents are void due to Defendants' allegedly fraudulent conduct, and that it would be inequitable to apply the tender rule in this circumstance. (Pl.'s Opp'n 4:10–6:25.) For the following reasons, the Court finds that tender is

---

[2] With her opposition, Plaintiff includes requests for judicial notice. Among the requests is the deposition transcript of Erica Johnson Seck from another case. Defendants object, arguing that a deposition transcript is not a proper matter for judicial notice. The Court agrees. *See Provencio v. Vazquez*, 258 F.R.D. 626, 638 n.4 (E.D. Cal. 2009) ("Plaintiffs' requests for judicial notice . . . are denied because a deposition . . . [is] not judicially noticeable under Federal Rule of Evidence 201(b)."). Accordingly, the Court **SUSTAINS** Defendants' objection, and **GRANTS** judicial notice with respect to all of the remaining requests. (Docs. 55-1, 46.)

required, and Plaintiff's causes of action all fail because of her failure to allege the ability to tender.

### A.  Tender Is Required.

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984). "A tender must be one of full performance . . . and must be unconditional to be valid." *Id.* "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co. v. Sheridan Proctor Co.*, 40 Cal. App. 524, 525 (1919).

"[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Id.* In the case of a voidable trustee's sale, the defaulting borrower has a right to redeem the property. *Id.* at 121. When the borrower "fails to effectively exercise [the] right to redeem, the sale becomes valid and proper in every aspect." *Id.* A cause of action "implicitly integrated" with the irregular sale also fails, unless the defaulting borrower can allege and establish a valid tender. *Id.*

Here, all of Plaintiff's causes of action depend on the purported invalid sale resulting from various allegedly invalid documents recorded in foreclosing the property (*see* SAC ¶¶ 55–57, 61–65, 70, 79)—or, in other words, due to irregularities in the sale procedure—and are therefore "implicitly integrated" with it. These documents include the notice of default, notice of trustee's sale, substitution of trustee, and assignment of deed of trust. Consequently, Plaintiff must establish valid tender. *See Karlsen*, 15 Cal. App. 3d at 121. But Plaintiff does not deny that she fails to allege the requisite tender. Rather, she contends that tender is not required because the foreclosure is void.

Plaintiff first directs the Court to *Storm v. America's Servicing Company*, No. 09cv1206, 2009 WL 3756629 (S.D. Cal. Nov. 6, 2009), for the proposition that tender is a matter of discretion left to the courts. (Pl.'s Opp'n 4:27–5:7.) That is an incomplete representation. In *Storm*, the court noted cases that "generally stand for the proposition that tender of the indebtedness is required in an action to set aside a trustee's sale for *irregularities in sale notice or procedure*." *Storm*, 2009 WL 3756629, at *6 n.9 (emphasis in original). It went on to explain that it is "unaware of any case holding there is a bright-line rule requiring tender of the unpaid debt to set aside a sale *in other circumstances*." *Id.* (emphasis added). Plaintiff conveniently omitted the "in other circumstances" distinction noted in *Storm*. Contrary to Plaintiff's contention, *Storm* actually suggests that tender is required for actions based on alleged irregularities in the sale notice or procedure. *See id.* Moreover, she fails to show that her circumstances fall within the "other circumstances" that allow courts to exercise discretion in requiring tender. (*See* Pl.'s Opp'n 4:27–5:13.)

Next, Plaintiff once again cites *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868 (2000). The Court already discussed in depth in its August 17, 2011 Order that *Dimock* is distinguishable from this case. (August 17, 2011 Order 4:16–5:12 [Doc. 42].) In that order, the Court concluded that "*Dimock* . . . does not support Plaintiff's argument that the tender rule does not apply to her." (*Id.* at 5:11–12.) It reaches the same conclusion again. In *Dimock*, the entity that conducted the foreclosure had already been replaced by a substitution; as a result, it no longer had the power to convey the property, and the foreclosure was therefore void. *See id.* at 874-76. The facts here are quite different. Plaintiff alleges that the foreclosing trustee was not yet properly substituted at the time the notice of default was recorded. These circumstances suggest that the foreclosure is voidable and not void. *See Pedersen v. Greenpoint Mortg. Funding, Inc.*, No. S-11-0642 KJM EFB, 2011 WL 3818560, at *20-21 (E.D. Cal. Aug. 29, 2011).

In sum, neither *Storm* nor *Dimock* provide Plaintiff any relief from the tender rule. And she fails to show that the foreclosure is void. Therefore, Plaintiff must allege the ability to tender, but fails to do so. *See Karlsen*, 15 Cal. App. 3d at 121.

### B. Plaintiff Fails to Show that an Inequity Exception to Requiring Tender Applies.

Plaintiff also argues that it would be inequitable to apply the tender rule in this case. Specifically, "tendering the full debt purportedly owed to Defendants would unjustly enrich Defendants as they were not expecting payment in full for another 25 years." (Pl.'s Opp'n 15–16.) She primarily relies on two cases for the proposition that "[t]ender may not be required where it would be inequitable to do so": *Onofrio v. Rice*, 55 Cal. App. 4th 413 (1997), and *Trapp v. Chase Home Finance, LLC*, No. 09-cv-1179-DEW-PJW, 2010 WL 4703864 (C.D. Cal. Nov. 12, 2010). (Pl.'s Opp'n 6:5–25.) Plaintiff also cites *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CWx), 2011 WL 2533029 (C.D. Cal. June 24, 2011), and *Storm*, 2009 WL 3756629, concluding that pursuant to these cases, requiring tender would be inequitable. (Pl.'s Opp'n 6:24–25.) However, Plaintiff is mistaken. She is not entitled to any exception from the tender rule.

*Trapp* quotes *Storm* for the following proposition: "Whether Plaintiffs are required to tender is a matter of discretion left up to the Court." *Trapp*, 2010 WL 4703864, at *4 (quoting *Storm*, 2009 WL 3756629, at *6). However, the *Storm* court qualified that proposition in a footnote. *Storm*, 2009 WL 3756629, at *6. As the Court explained above, *Storm* suggests that tender is required for an action to set aside a trustee's sale for irregularities in sale notice or procedure, but courts have discretion in "requiring tender of the unpaid debt to set aside a sale in *other circumstances*." *See id.* (emphasis added). Plaintiff fails to show that her causes of action are based on such "other circumstances." To the contrary, the allegations in the SAC show that her causes of action are based on irregularities in sale procedure. Therefore, neither *Trapp* nor *Storm* justify exempting Plaintiff from the tender rule.

*Sacchi* cites *Onofrio* for the propositions that the tender rule is not absolute and a tender may not be required where it would be inequitable to do so. *Sacchi*, 2011 WL 2533029, at *10 (citing *Onofrio*, 55 Cal. App. 4th at 424). However, both cases are distinguishable. Though both cases involve foreclosures, *Onofrio* discussed the inequity exception in the context of a plaintiff seeking rescission, and *Sacchi* discussed the exception in the context of the defendants'

failure to follow California Civil Code § 2923.5. *Onofrio*, 55 Cal. App. 4th at 423-24; *Sacchi*, 2011 WL 2533029, at *10. Here, Plaintiff does not seek rescission, and § 2923.5 cannot apply.[3] Rather, the purported inequity in this case is the unjust enrichment that Defendants gain in requiring Plaintiffs to make payment in full for debt that they expected to pay over the next 25 years. This is not inequitable. It actually fulfils the very purpose of the tender rule. *See Arnolds Mgmt.*, 158 Cal. App. 3d at 580 (requiring tender is meant to extinguish an obligation owed); *Rauer's Law & Collection*, 40 Cal. App. at 525 ("debtor must at his peril offer the full amount").

Finally, Plaintiff argues that "Defendants' fraudulent actions, unlawful conduct—execution of instruments by unauthorized persons, lack of authority to sign, illegal robo-signing, the prejudice caused by same—and their improper securities transactions, vitiate any tender requirement." (Pl.'s Opp'n 6:21–24.) However, she provides no further explanation and no legal analysis to support this argument. Thus, the Court finds that this argument lacks merit.

## IV. CONCLUSION & ORDER

In light of Plaintiff's failure to allege the ability to tender, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motion to dismiss the SAC. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."). (Doc. 46.)

**IT IS SO ORDERED**.

DATED: March 29, 2012

M. James Lorenz
United States District Court Judge

---

[3] California Civil Code § 2923.5 only applies to mortgages and not deeds of trust. *See Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 120-21 (2011).